DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for failure to comply with a police officer's order entered in the Lucas County Court of Common Pleas. Appellant's counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, and moved to withdraw. The state has not filed a brief.
 {¶ 2} In the early morning hours of October 8, 2003, Sylvania, Ohio police responded to a burglar alarm at a local hobby supply store. Nearby when the call occurred, one officer observed a Buick leaving the scene and gave pursuit. The chase continued at high speeds for several miles on interstate highways into the city of Toledo.
 {¶ 3} As the Buick attempted to exit the interstate, the driver lost control. The car struck several signs and a large utility pole. The driver, appellant William Wainscott, was injured in the crash and hospitalized. He and two companions in the car were later named in a five-count indictment, charging them with two counts of breaking and entering, one count of vandalism and one count of failure to comply with the signal of a police officer.
 {¶ 4} Appellant initially pled not guilty, but later agreed to plead no contest to the failure to comply count in return for the dismissal of the other charges. The trial court accepted appellant's plea, found him guilty and eventually sentenced him to a five-year term of incarceration, the maximum allowable for a third-degree felony. From this judgment, appellant now brings this appeal.
 {¶ 5} Pursuant to Anders, supra, appellant's counsel on appeal submits an affidavit in which she avers that she has carefully reviewed the record of the proceedings in this matter, but finds no arguable issues upon which to base an appeal. Counsel's affidavit accompanies a brief containing a discussion of issues counsel considered, but found untenable. She has provided a copy of her brief to appellant and advised him of his right to file a brief on his own behalf. Appellant has failed to avail himself of this opportunity. Counsel seeks leave to withdraw from further representation.
 {¶ 6} In the brief submitted, counsel sets forth the following potential assignments of error:
 {¶ 7} "Issue One
 {¶ 8} "Whether the defendant-appellant was denied effective representation by competent counsel.
 {¶ 9} "Issue Two
 {¶ 10} "Whether the trial court failed to strictly comply with Ohio Criminal Rule 11.
 {¶ 11} "Issue Three
 {¶ 12} Whether the trial court erred when it imposed the maximum sentence eon the defendant-appellant."
 I. INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 13} In the first potential assignment of error, appellant suggests that he may have been denied effective assistance of counsel. For a convicted defendant to prevail on a claim that the assistance received from counsel was so defective as to demand reversal, he or she must demonstrate that 1) counsel's performance was so deficient that he or she was not functioning as "counsel" as guaranteed by the Sixth Amendment; and 2) this deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 14} Appellate counsel has examined the record of these proceedings as have we, independently. We concur with appellate counsel's conclusion that there was no discernible deficiency in trial counsel's performance. Accordingly, appellant's first potential assignment of error is wholly without merit.
 CRIM.R. 11 {¶ 15} Appellant sets forth in his second potential assignment of error the possibility that in accepting appellant's plea the trial court may not have fully complied with the dictates of Crim.R. 11.
 {¶ 16} Crim.R. 11(C) defines the procedure which must be followed by a court when accepting a plea of guilty or no contest in a felony case. The court must ascertain that the defendant's plea is voluntary, with an understanding of the charge and its maximum penalty. Crim.R. 11(C)(2)(a). The court must determine that the defendant understands the effect of his plea, Crim.R. 11(C)(2)(b), and ascertain that the defendant understands the constitutional rights waived by such a plea. Crim.R. 11(C)(2)(c). The rule must be scrupulously adhered to, State v. Griffey
(1973), 35 Ohio St.2d 101, 111; however, although literal compliance is preferred, substantial compliance is sufficient to satisfy its requirements. State v. Nero (1990), 56 Ohio St.3d 106, 108, followingState v. Stewart (1977), 51 Ohio St.2d 86.
 {¶ 17} Again, appellate counsel has reviewed the transcript of the plea hearing in this matter and failed to detect any variation with the provisions of Crim.R. 11. We have conducted a similar examination and concur with appellate counsel. Appellant's second potential assignment of error is, therefore, wholly without merit.
 SENTENCING {¶ 18} In his remaining potential assignment of error, appellant contends that the trial court erred when it imposed upon him the maximum sentence: five years for a third degree felony.
 {¶ 19} R.C. 2924.14(C) provides that a sentencing court may only impose the maximum sentence upon a defendant on finding that the defendant 1) committed the worst form of the offense, 2) poses the greatest likelihood of committing future crimes, 3) commits certain drug offenses, or 4) is a repeat violent offender. The court must state its reasons for imposing the maximum sentence. R.C. 2924.19(B)(2)(d); see,State v. Comer, 99 Ohio St.3d 463, 467-468, 2003-Ohio-4165 at ¶¶ 19-20.
 {¶ 20} At the sentencing hearing in this matter, the court noted that appellant, "* * * now has 18 felony criminal convictions, 22 misdemeanor criminal convictions for a total of 40 criminal convictions. Forty." In view of this, the court concluded that appellant poses the greatest likelihood of recidivism.
 {¶ 21} We concur with appellate counsel in concluding that appellant's maximum sentence was in conformity with the law. Accordingly, appellant's third potential assignment of error is wholly without merit.
 {¶ 22} Upon review of the entire record of proceedings in the trial court, we find no other grounds for a meritorious appeal. Accordingly, the appeal is found to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant, pursuant to App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J., Parish, J., concur.